| UNITED STATES DISTRICT COURT | |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| ------------------------------------------------------------------x | |
| NACHMAN NACHMENSON, | |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| -against- | 17-CV-3637 (LDH)(RML) |
| NYPD 77th PRECINCT, | |
| Defendant. | |
| ------------------------------------------------------------------x | |

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Nachman Nachmenson, proceeding pro se, brings the instant action against the 77th Precinct of the New York City Police Department ("NYPD"). Plaintiff's request to proceed *in forma pauperis* is granted, and the complaint is dismissed.

## BACKGROUND[1]

On April 23, 2013, officers from the 77th Precinct arrested Plaintiff and allegedly beat him for no reason. (Compl. 6, ECF No. 1.) Plaintiff filed an action against the officers in state court and believes that the officers now seek revenge in retaliation for his complaint. (*Id.*)

On May 28, 2017, an individual broke into Plaintiff's home through a window and stole art. (*Id.*) Plaintiff believes that the perpetrator was Gilad Bazel, a member of the "'Shmira[,]' the Jewish community patrol." (*Id.*) After the incident, Plaintiff called the police dozens of times, but they never arrived. (*Id.*) Plaintiff filed a report, but states that the 77th Precinct refuses to investigate the incident. (*Id.*) Plaintiff also maintains that the 77th Precinct, which he characterizes as a "mafia," is cooperating with the Shmira. (*Id.*) For example, Plaintiff contends that Sergeant Sands of the 77th Precinct is assisting Gilad Bazel in illegally charging guests in

---

[1] The following facts are derived from the complaint and are assumed to be true for purposes of this Memorandum and Order.

Plaintiff's building $150 per night to stay there, even though the building is run by a non-profit organization. (*Id.*) Plaintiff also contends that Sergeant Sands has been harassing him and identifies six additional police officers who allegedly cooperated with the Shmira and refused to investigate the burglary. (*Id.* at 6-7.) Plaintiff seeks $770,000,000.00 in damages and injunctive relief. (*Id.* at 5.)

## STANDARD OF REVIEW

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the Plaintiff's favor. *Id.*

At the motion to dismiss stage, the Court "must merely determine whether the complaint itself is legally sufficient." *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 556, 565 (E.D.N.Y. 1999) (internal citation omitted). It is not the Court's function to weigh the evidence that might be presented at trial. *Id.* The issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (citing *Villager Pond Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996)).

Where, as here, the plaintiff is proceeding pro se, courts are "obliged to construe the plaintiff's pleadings liberally." *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 219-20 (E.D.N.Y. 2011). Because pro se litigants are entitled to a liberal construction of their pleadings, their complaints should be read to raise the strongest arguments that they suggest. *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 183, 191-92 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct 2197, 2200, 167 L.Ed.2d 1081 (2007)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Id.* (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases. *Rios v. Third Precinct Bay Shore,* No. 08-cv-4641, 2009 WL 2601303, at *2 (E.D.N.Y. Aug. 20, 2009).

## DISCUSSION

Plaintiff brings the instant action against only one Defendant, the 77th Police Precinct of the NYPD. (*See* Compl.) Under law, the NYPD is a non-suable entity. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (affirming district court's ruling that the NYPD is a non-suable agency of the City of New York); N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). As a division of the NYPD, a precinct is an organizational subdivision of the City of New York and also lacks independent legal existence. *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999)) (dismissing claims brought against 46th Precinct because it

lacked independent legal existence and therefore was not a suable entity); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) (NYPD cannot be sued independently because it is an agency of the City of New York). Therefore, Plaintiff's claims against the 77th Precinct are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if Plaintiff had named a proper defendant, his claims would nonetheless warrant dismissal. *First*, Plaintiff claims that he called the police to report a break-in and that the officers at the 77th Precinct did not investigate the incident to his satisfaction. (Compl. 6.) Police officers, however, have discretion to conduct investigations and initiate arrests, and they are charged with acting for the benefit of the public, not for private citizens. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law."). Thus, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.*, No. 14-CV-1749 JG LB, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Accordingly, even if Plaintiff amended his complaint, any potential claims against the individual police officers would be dismissed for failure to state a claim.

*Second*, Plaintiff also claims that an individual who is not identified as law enforcement, Gilad Bazel, is improperly collecting rent. (*Id.*) Here, again, Plaintiff fails to state a claim. Plaintiff has not alleged that Bazel or Sergeant Sands owed him any particular duty or that they violated any enforceable rights. Thus, it would be futile to permit Plaintiff to amend the complaint in order to name Bazel as a Defendant.

4

## CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Amendment of the complaint to substitute additional Defendants would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ LDH_____
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
October 11, 2017